(27 Misc. Rep. 624.)

### In re THORNE'S ESTATE.

(Surrogate's Court, Westchester County. May, 1899.)

TRANSFER TAX—PROCEEDINGS FOR ENFORCEMENT—WEIGHT OF EVIDENCE.

In proceedings for the assessment of a transfer tax on property transferred during the lifetime of the donor, but claimed by the state to have been in contemplation of his death, and therefore taxable, under Tax Law, § 220, subd. 3, providing that property transferred in contemplation of the death, and intended to take effect in possession or enjoyment at or after his death, shall be taxed, where the state is compelled to rely on the testimony of the donee, the version of such testimony most favorable to it will be accepted.

Appeal from report of appraiser.

Appeal from a decree entered upon the report of an appraiser, appointed under the transfer tax act, in the matter of the estate of Joseph Thorne, deceased. Affirmed.

W. P. Prentice, for appellant Eunice E. Huff.

Joseph W. Middlebrook, for respondents state comptroller and county treasurer.

SILKMAN, S. This is an appeal from so much of the decree, entered upon the report of the appraiser herein, as fixes and assesses the tax upon personal property of the value of $100,000, alleged to have been transferred by the testator prior to his death, and in contemplation thereof. The authority upon which the appraiser has made the assessment is subdivision 3 of section 220 of the tax law, as follows:

"When the transfer is of property made by a resident, or by a nonresident, when such nonresident's property is within the state, by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, and intended to take effect in possession or enjoyment, at or after such death."

The difficulty which the state is under, in proving the transfer of property and the liability to a tax, under the subdivision quoted, is apparent. Many of the transactions which are taxable under such subdivision cannot be reached, by reason of the inability of the state to furnish proof of them, and only through the integrity of the parties can the facts be ascertained. Such transactions are frequently secret, and known only to the decedent and to the person to be benefited, and there is no record of them outside of the possession of the parties thereto. The facts before us disclose a transaction of the character suggested, and the state, in order to successfully maintain its right to tax, has been compelled to put the beneficiary or donee upon the stand, and rely upon her testimony to establish the transfer, which is alleged to be taxable. The state claims that the evidence of Mrs. Huff sufficiently proves that she was only to enjoy the $100,000 worth of stock transferred to her upon the death of Joseph Thorne.

The testimony of Mrs. Huff is contradictory. The appraiser has adopted that version of her story which is most favorable to the state. In this, I think, he has adopted the correct rule. The witness is adverse. The result of her testimony means a difference of $5,000 to her. We must, therefore, assume that she would put

that construction upon the transaction which will be most favorable to her, and most likely to relieve her of the tax. Besides the testimony, the appraiser has had the witness personally before him, and the conduct of an adverse witness upon the witness stand frequently influences a court or jury in determining as to which of conflicting and contradictory statements is to be accepted. It is unnecessary for me to review the contradictions in the testimony. The witness admits that the stock, valued at $100,000, came as a gift from Mr. Thorne, and that she was to take care of him as long as he lived, and was to supply him with money whenever he needed it. Taking this testimony in connection with the testator's will, and the fact that he left no personal property, I think the appraiser was amply justified in assessing the tax under the subdivision of the tax law above referred to. He has adopted the only reasonable inference to be drawn from the evasive testimony of Mrs. Huff.

Upon the record, which is all that is before me, I am satisfied that the $100,000 worth of stock was not wholly beyond the control of the testator until his death. The appraiser has had the greater advantage of having the witness before him personally. The result reached by the appraiser seems to be fully justified by the decision of the court of appeals in Re Green's Estate, 153 N. Y. 223, 47 N. E. 292. No other ground of appeal has been urged or argued. There must be judgment affirming the decree entered upon the appraiser's report, with costs.

Decree affirmed, with costs.